UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 25-cv-21378

OSCAR HERRERA,

     Plaintiff,

v.

GROVE BAY HOSPITALITY GROUP, LLC

     Defendant/Third-Party Plaintiff,
and

POPMENU, INC.

     Third-Party Defendant.

                                     /

**THIRD-PARTY DEFENDANT'S MOTION TO DISMISS
THIRD-PARTY COMPAINT**

Third-Party Defendant, Popmenu, Inc. ("Popmenu" or "Defendant") by and through

undersigned counsel, moves to dismiss the Third-Party Complaint (the "Complaint") filed by the

Third-Party Plaintiff, Grove Bay Hospitality Group, LLC. ("Grove Bay" or "Plaintiff") [ECF No.

23], pursuant to Rule 12(b)(6) and Rule 9(b), Federal Rules of Civil Procedure. In support of its

Motion, Popmenu states as follows:

**Background**

The underlying case involves claims made by Oscar Herrera, a visually impaired

individual, against Grove Bay in relation to Grove Bay's website. In short, Mr. Herrera asserts that

Grove Bay's website failed to comply with the requirements of the Americans with Disabilities

Act (the "ADA"). [ECF No. 1]. While PopMenu believes these claims lack merit, the reality is that

Grove Bay is improperly seeking to shift the blame to Popmenu despite the clear and unambiguous

language of the Contract which provides "Popmenu does not warrant that the services will satisfy or ensure compliance with any legal obligations or laws or regulations that may be applicable to [the client], including the Americans with Disabilities Act of 1990 ("ADA")…".[1] Grove Bay now seeks to avoid the Contract because it is the victim of one of the myriad of frivolous ADA website lawsuits filed against businesses throughout the country. However, the contract between the parties is clear that this lawsuit is solely Grove Bay's responsibility.  As a result, Grove Bay's Complaint against Popmenu should be dismissed with prejudice. Given the language of the Contract, Grove Bay should not be entitled to an amendment of the Complaint based on futility.

## Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). The mere possibility the defendant acted unlawfully is not enough to state a claim. *Ashmore v. F.A.A.*, No. 11-cv-60272, 2011 WL 3915752, at *1 (S.D. Fla. Sept. 2, 2011) (Altonaga, J.) (citations omitted).

However, where, as here, there are allegations of fraud, a heightened pleading standard applies. *See* Rule 9(b), Fed. R. Civ. Pro. "Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for

---

[1] It is likely by design that Plaintiff omitted the Terms of Service, despite its acknowledgement that it agreed with same as part of the Contract.

making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11ᵗʰ Cir. 2001).

<u>**Argument**</u>

### A.    Popmenu's Terms of Service Must Be Considered.

Generally, when deciding a motion to dismiss, courts are limited to considering only the factual allegations contained in the complaint and any documents attached thereto. However, "a document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n. 1 (11ᵗʰ Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11ᵗʰ Cir. 2002) (finding that the district court properly considered a contract submitted by the defendant when considering the defendant's motion to dismiss); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11ᵗʰ Cir. 1997) (citations omitted) (stating that "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment").

Here, the Court should not consider the Contract without also considering Popmenu's Client Terms of Service ("TOS"),[2] which is incorporated by reference into the Contract. *See* Compl., Exhibit A, at 5. [ECF No. 23-1]. It is undisputed that the Contract is central to Grove Bay's allegations that Popmenu misled it and neither party disputes its authenticity. The TOS contains a variety of provisions that govern the parties' relationship, including unambiguous

---

[2] The Terms of Service is attached hereto as Exhibit "1."

language that Grove Bay, not Popmenu, is wholly responsible for ensuring that the website and services are compliant with the ADA. *See* Ex. 1 at § 9. The TOS further provides that Popmenu is "not responsible for any losses resulting from claims against [Grove Bay] that…the services are not in compliance with the ADA." *Id.* at § 9.3. These representations directly refute Grove Bay's claims that Popmenu hid the ball and misrepresented its role in maintaining an accessible website.

**B.      The Complaint Falls Short of Rule 9(b)'s Heightened Pleading Requirement.**

Counts II and III must be dismissed because Plaintiff fails to adhere to the requirements for pleading claims that sound in fraud, such as negligent misrepresentation and violation of FDUPTA.

In support of its claim for negligent misrepresentation, Plaintiff alleges that "Popmenu represented to Grove Bay that it would deliver and maintain a website that materially conformed to recognized accessibility standards, including the [Web Content Accessibility Guidelines]." Compl. at ¶ 31. This allegation fails to set forth the precise statements that were made, the time and place of the statement, the person making the statement, or the manner in which the misled the plaintiff. *See Ziemba*, 256 F.3d at 1202; *Brooks*, 116 F.3d at 1370-71. Moreover, Plaintiff's allegations are belied by the TOS which represent that Popmenu is not responsible for maintaining an ADA-compliant website.

Rule 9 also applies to Count III. "Although not specifically identified in the statute there are three elements that are required to be alleged to establish a claim pursuant to the FDUPTA: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *KC Leisure, Inc. v. Haber*, 972 So. 2d 1069, 1073 (Fla. 5th DCA 2008). In cases where the FDUPTA claims "sound in fraud," courts have applied the heightened pleading standards set forth in rule 9(b). *See Llado-Carreno v. Guidant Corp.*, No. 09-20971-CIV, 2011 Wl 705403, at *5 (S.D. Fla. Feb. 22, 2011),

*see also Begualg Inv. Mgmt. Inc. v. Four Seasons Hotel Ltd.*, No. 10-22153-CIV, 2011 WL 4434891, at \*5 (S.D. Fla. Sept. 23, 2011) (applying Rule 9(b) because the claim brought under the FDUPTA that the defendants induced the plaintiffs into purchasing condominium through misrepresentation and guarantees of positive cash flow "describe[s] fraudulent conduct"). Here, Plaintiff's FDUPTA claim on "representations [that] were likely to mislead customers, including Grove Bay, acting reasonably under the circumstances. Compl. at ¶ 45. It is clear that Grove Bay's FDUPTA is premised on alleged fraudulent misrepresentation. Therefore, Grove Bay is required to plead Count III with the level of specificity required by Rule 9(b).

Having failed to adhere to the pleading standards imposed by Rule 9(b), both Counts II and III should be dismissed.

**C.      Plaintiff's Claims Fail To State A Cause Of Action**

Each of Plaintiff's causes of action against Popmenu ought to be dismissed because they fail to set forth a claim for common law indemnity, negligent misrepresentation, or breach of the FDUPTA. Because the Contract and TOS are clear as to the limits of Popmenu's liability in a claim made by a third-party alleging violation of the ADA, Plaintiff should not be given the opportunity to amend because amendment would be futile.

In order to state a claim for common law indemnity, Grove Bay must show that it was not in any way at fault for the circumstances giving rise to the liability. *Fla. Power & Light Co. v. Allis Callers Corp.*, 752 F. Supp. 434, 441 (S.D. Fla. 1990). However, this is not a case of common law indemnity since the Contract (and incorporated TOS) is controlling. *See Camp, Dresser & McKee, Inc. v. Paul N. Howard Co.*, 853 So. 2d 1072, 1077 (Fla. 5th DCA 2003) (stating that "common law indemnity is an equitable remedy that arises out of obligations imposed through special relationships, but contractual indemnity is not concerned with 'special relationships' or vicarious,

constructive, derivative, or technical liability; it is concerned with the express terms of the agreement to indemnify."). The Contract, which governs the services Popmenu provided to Grove Bay, expressly limits liability with respect to claims arising under the ADA related to the website. See Ex. 1, at §§ 9.3, 10. Moreover, even if Grove Bay was able to assert a claim for equitable relief, it fails to show that it was wholly without fault based on its agreement to the TOS which placed the burden of compliance with the ADA exclusively on Grove Bay. Grove Bay fails to allege any facts sufficient to deem the clear terms of the Contract invalid and otherwise fails to show that it was without fault as it relates to Mr. Herrera's claims. Therefore, Count I should be dismissed with prejudice.

In order to set forth a claim for negligent misrepresentation, Plaintiff must show that it was the "recipient of information justifiably relied on the erroneous information." *Specialty Marine & Indus. Supplies, Inc. v. Venus*, 66 So. 3d 306, 310 (Fla. 1st DCA 2011) (citing *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2020)). Where the parties have entered into a written contract, Florida courts have held that a prior oral statement is obviously false where the written contract contradicts that misrepresentation, and therefore not actionable as a matter of law. *See Zarrella v. Pacific Life Ins. Co.*, 755 F. Supp. 2d 1218 (S.D. Fla. 2010) (quoting *Eclipse Med., Inc. v. Am. Hydro-Surgical Instruments, Inc.*, 262 F. Supp. 2d 1334, 1342 (S.D. Fla. 1999)). While the Complaint lacks any degree of specificity to determine what Popmenu allegedly represented to Grove Bay, Grove Bay generally states that Popmenu claimed that it would "materially conform to the Web Content Accessibility Guidelines ("WCAG")" and that the website would be both accessible and legally compliant. Compl. at ¶¶ 12, 13. Though it is not clear when these representations were made, the TOS is abundantly clear that Popmenu assumes zero liability for any claims under the ADA related to the subject website. Ex. 1, at ¶ 9. Moreover, the TOS includes a merger clause which provides

that the "Agreement (including the TOS) constitutes the entire agreement between Popmenu and [Grove Bay] regarding the Services and supersedes all prior and contemporaneous agreements, proposals, or representations, written or oral, concerning its subject matter." *Id.* at ¶ 12.7. Therefore, to the extent that Popmenu made representations as to the legal suitability of the subject website, it was unreasonable for Grove Bay to rely on such statements in light of the language of the TOS. Therefore, in addition to the pleading deficiencies, Count II should be dismissed, with prejudice, for failure to state a cause of action for negligent misrepresentation.

Plaintiff's FDUPTA claim fails for the same reasons. At its core, a claim for violation of the FDUPTA requires a deceptive act or unfair trade practice. Courts have determined that a deceptive practice occurs when there is "a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Zlotnick v. Premier Sales Group*, 480 F.3d 1281, 1284 (11th Cir. 2007) (citation and quotation omitted). Grove Bay fails to make a showing that Popmenu deceived Grove Bay when the TOS makes it clear that Popmenu bears no responsibility with respect to the accessibility of the website and disclaims any liability for such claims against Grove Bay. Taking the allegations in the Complaint as true and considering the TOS, Grove Bay's allegations do not create a plausible violation of the FDUPTA. Therefore, dismissal with prejudice is appropriate.

## Conclusion

Grove Bay's Third-Party Complaint should be dismissed for multiple reasons. First, Plaintiff has failed to meet the exacting pleading standards of Rule 9(b). Plaintiff also ignores the explicit language of the Terms of Service despite its acknowledgement that it understood it would bear full responsibility for any claims that the website was not compliant with the ADA. Grove Bay cannot now claim that it was bamboozled by Popmenu simply because it is having to deal

with a frivolous ADA lawsuit.   Popmenu therefore respectfully requests that the Court dismiss the

Third-Party Complaint with prejudice, and for such other relief as this Court deems proper.

Dated: August 15, 2025                                    Respectfully submitted,

By:     */s/Lindsay M. Massillon*
                Lindsay M. Massillon
                Fla. Bar No. 92098
                lmassillon@fisherphillips.com
                FISHER & PHILLIPS, LLP
                201 East Las Olas Boulevard
                Suite 1700
                Fort Lauderdale, Florida 33301
                Telephone (954) 525-4800
                *Counsel for Third-Party Defendant,*
                *Popmenu, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **August 15, 2025** I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all attorneys of record.

/s/ *Lindsay M. Massillon*
Lindsay M. Massillon